**Walter G. LACY et al.**

v.

**UNITED STATES of America.**
**Civ. No. 1184.**

United States District Court
W. D. Texas, Waco Division.

June 1, 1953.

**52**

City of Waco, County of McLennan, State of Texas, in the Western District of Texas, Waco Division.

## II

On or about March 15, 1948, plaintiffs filed their separate individual income tax returns for the calendar year 1947, upon the community income basis showing tax due of $9,015.21 on each return. On or about March 15, 1949 plaintiffs filed a joint return upon the same basis for the calendar year 1948 reporting tax due of $25,315.89. The taxes reported due on those three returns were timely paid in full to the then Collector of Internal Revenue for the First District of Texas, and are not in controversy in this action.

## III

Upon audit of those returns the Commissioner of Internal Revenue assessed deficiencies against the plaintiffs as follows:

Walter G. Lacy, tax $1,185.35 and interest of $204.82 totaling $1,390.17 for the year 1947: and

Lucile C. Lacy, tax of $1,185.34 and interest of $204.82 totaling $1,390.16 for the year 1947; and

Walter G. Lacy and Lucile C. Lacy, tax $6,814.55 and interest of $768.64 totaling $7,583.19 for the year 1948.

Plaintiffs paid the above mentioned assessments as to deficiencies of tax totaling $9,185.24 on February 9, 1951 and as to assessed interest totaling $1,-144.35 on February 16, 1951 to Frank Scofield, the then Collector of Internal Revenue for the First Texas District.

## IV

Plaintiffs filed separate claims for refund of deficiency payments above mentioned on March 12, 1951, upon the same grounds for recovery asserted in the complaint herein. These claims were rejected by the Commissioner of Internal Revenue pursuant to formal statutory notices of disallowances sent by the Deputy Commissioner to each complainant on

Richey, Sheehy & Teeling, Waco, Tex., for plaintiff.

Charles F. Herring, U. S. Atty., Austin, Tex., Frank J. Ready, Sp. Asst. to the Atty. Gen., for the United States.

RICE, Chief Judge.

The Court, having considered the evidence adduced upon the trial of this cause and the briefs of the parties, is of the opinion that judgment should be entered in favor of the plaintiffs.

The Clerk of the Court will accordingly notify counsel of the opinion of the Court and request plaintiffs to prepare and submit to the Court tentative Findings of Fact and Conclusions of Law and Judgment, and furnish copies thereof to the attorney for defendant.

### Findings of Fact and Conclusions of Law

This action having been tried by the Court without a jury, the Court hereby makes the following findings of fact and conclusions of law.

### Findings of Fact

#### I

The plaintiffs, Walter G. Lacy and wife, Lucile C. Lacy, do now reside, and at all times material herein have resided, in the

August 9, 1951 as to the year 1947 and on September 7, 1951 as to the year 1948.

## V

The major part of the deficiency assessments involved in this action resulted from the Commissioner of Internal Revenue treating as ordinary income and not long-term capital gain the profit realized from the sale of certain real estate.

## VI

In the year 1947, the plaintiffs made nine sales of real estate on which they realized a gain of $7,758.67, which was reported as long-term capital gain and in the year 1948 the plaintiff made fifteen sales of real estate on which they realized a gain of $14,365.53 and which was reported as long-term capital gain. The Commissioners determined that said gain was ordinary income and not long-term capital gains and assessed deficiencies accordingly.

## VII

During the taxable years 1947 and 1948 the plaintiffs were not engaged in the business of selling real estate.

## VIII

The aforesaid real estate sold in 1947 and 1948 was not property held by the taxpayers primarily for sale to customers in the ordinary course of their trade or business.

### Conclusions of Law

### I

The gain realized by plaintiffs from the sale of the aforesaid real estate in 1947 and 1948 was long-term capital gain as defined in the Internal Revenue Code, Section 117(a), Title 26 U.S.C.A.

## II

The deficiency assessments of Internal Revenue for the years 1947 and 1948 were erroneous to the extent that the gain from the sale of said real estate was treated as ordinary income and not long-term capital gain.

## III

The plaintiffs are entitled to refund and should recover judgment against the defendant for the excess of the amount of income taxes paid on account of the taxable years of 1947 and 1948 over the amount of taxes computed on the basis of treating the gain from the sale of said real estate as long-term capital gain rather than ordinary income.

## IV

Plaintiff, Walter G. Lacy, is entitled to recover from the defendant for overpayment of income taxes for the year 1947, $1185.35 paid on February 9, 1951 and interest of $200.44 paid on February 16, 1951. The Plaintiff, Lucile C. Lacy, is entitled to recover from the defendant for overpayment of income taxes for the year 1947, $1185.34 paid on February 9, 1951, and interest of $200.44 paid on February 16, 1951. The plaintiffs, Walter G. Lacy and Lucile C. Lacy, are jointly entitled to recover from the defendant for overpayment of income taxes for the year 1948, $3814.55 paid on February 9, 1951 and interest of $416.17 paid on February 16, 1951. The plaintiffs are entitled to recover interest at the rate of 6% per annum upon the amount of the recoveries from the respective date of payment to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue as provided in section 2411, Title 28 U.S.C.A.